FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 18, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRETT N.,[1]<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | No. 4:22-CV-05136-SAB<br><br>**ORDER REVERSING DECISION OF COMMISSIONER** |

　　　　Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying his application for social security benefits. Plaintiff is represented by Chad L. Hatfield. The Commissioner is represented by Timothy R. Bolin and Brian M. Donovan. Pending before the Court are Plaintiff's Opening Brief, ECF No. 11, the Commissioner's Brief, ECF No. 13, and Plaintiff's Reply Brief, ECF No. 14.

　　　　After reviewing the administrative record, briefs filed by the parties, and applicable case law, the Court is fully informed. For the reasons set forth below, the Court reverses the Commissioner's decision.

---

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

**ORDER REVERSING DECISION OF COMMISSIONER** *1

### I.   Jurisdiction

On July 31, 2019, Plaintiff filed an application for Title II disability insurance benefits, with the onset date of November 1, 2015. Plaintiff's application was denied initially and on reconsideration. Plaintiff requested a hearing. On September 21, 2021, a telephonic hearing was held. Plaintiff appeared and testified before an ALJ, with the assistance of his counsel. A Vocational Expert (VE) also participated. The ALJ found that Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council, and the Appeals Council denied the request on September 6, 2022. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. § 405(g), 1383(c)(1)(3). Plaintiff filed a timely appeal on November 10, 2022. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

### II.   Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

**Step One**: Is the claimant engaged in substantial gainful activities? *Id*. § 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for

**ORDER REVERSING DECISION OF COMMISSIONER *2**

pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. *Id.* § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? *Id.* § 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* § 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before proceeding to the fourth step, the ALJ must first determine the claimant's residual functional capacity (RFC). An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. *Id.* § 404.1545(a)(1), 416.945(a)(1). The RFC is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? *Id.* § 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. *Id.* § 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**ORDER REVERSING DECISION OF COMMISSIONER \*3**

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? *Id.* § 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id.* At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific

**ORDER REVERSING DECISION OF COMMISSIONER *4**

quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

## IV.  Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized here.

Plaintiff was born on August 17, 1970. He graduated from high school and earned a two-year degree in criminal justice. Plaintiff last worked as a driver in 2012, a screen printer in 2010, and in loss prevention from 1997 to 2008. He alleges disabilities, as of November 1, 2015, based on the following conditions: schwannoma tumor on C5 nerve, neck and lower back arthritis, compressed disks, and anxiety. He claims his disabilities affect his ability to lift, squat, bend, stand, reach, walk, sit, kneel, climb stairs, complete tasks, and use his hands.

Plaintiff reports that he is unable to stand or sit for periods of time, turn his head all the way to the right, and experiences dizzy spells and shakiness in his right hand. Plaintiff's daily activities include making breakfast, showering, painting, and doing dishes, stretches, and laundry. He claims he can perform most of these activities in 10-to-15-minute intervals, typically until his right hand starts shaking, and must recline at an angle for approximately 20 minutes to relieve pressure. Plaintiff also reports that his anxiety keeps him awake, causes panic attacks, and prevents him from being in large groups of people.

## V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 18–29. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since July 31, 2019, the application date. AR 20.

At step two, the ALJ identified the following severe impairments: spinal schwannoma, amblyopia, right eye, mood disorder, and generalized anxiety

**ORDER REVERSING DECISION OF COMMISSIONER *5**

disorder. *Id.*

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 21.

At step four, the ALJ concluded that Plaintiff has an RFC to perform:

> a full range of medium work as defined in 20 CFR 416.967(c) with the following exceptions: he can frequently reach overhead; he can only rotate his neck 45 degrees from neutral; he cannot perform tasks requiring precise depth perception, such as threading a needle or using dangerous tools; he can have no contact with the public; he can have frequent contact with coworkers and supervisors; he needs a routine, predictable work environment with no more than occasional, simple changes; and he will be off task 5-7% of the workday.

AR 22.

At step five, the ALJ found that Plaintiff was not capable of performing past relevant work as a shuttle van driver, loss prevention worker, or screen printer. AR 27.

The ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could also perform in the national economy, specifically collator operator, garment sorter, and routing clerk. Consequently, the ALJ found that Plaintiff was not disabled.

## VI. Issues

1. Whether the ALJ erred in improperly evaluating the medical opinion evidence.
2. Whether the ALJ erred in rejecting Plaintiff's subjective complaints.
3. Whether the ALJ erred in rejecting lay witness testimony.
4. Whether the ALJ met their Step Five burden.

## VII. Discussion

A. Evaluation of the Medical Opinions

Plaintiff argues the ALJ improperly evaluated the medical opinion evidence

**ORDER REVERSING DECISION OF COMMISSIONER *6**

of three providers: (1) Meneleo T. Lilagan, M.D.; (2) David T. Morgan, Ph.D.; and (3) Jani Lewis, PhD.

In evaluating medical opinion evidence, the ALJ considers the persuasiveness of each medical opinion and prior administrative medical finding from medical sources. 20 C.F.R. § 416.920c(a), (b). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* § 416.920c(c)(1)–(5). Supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. *Id.* § 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

(1) *Supportability.*
The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.*
The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.* §§ 404.1520c(c); 416.920c(c).

### i.    Dr. Lilagan

On July 18, 2019, Dr. Lilagan completed a Physical Function Evaluation for the Washington State Department of Social and Health Services (DSHS). Dr.

**ORDER REVERSING DECISION OF COMMISSIONER *7**

Lilagan concluded that Plaintiff was eligible for sedentary work function restrictions. Dr. Lilagan considered that Plaintiff (1) suffers from schwannoma of the right cervical spine at C5, resulting in symptoms of pain on the right side of the neck, pain of the right upper extremity, reduced range of motion of the neck, and dizziness; (2) has neck pain and right upper extremity pain from schwannoma results in moderate limitations in lifting, carrying, handling, pushing, pulling, reaching, stooping, and crouching; and (3) has previously seen a neurologist and neurosurgeon and needs to be monitored for progression of his symptoms.

The ALJ found Dr. Lilagan's opinion unpersuasive because the evaluation was part of a checkbox form and the exam revealed "few physical abnormalities" besides Plaintiff's claimed disabilities pertaining to his limited range of the neck, tenderness in the spine, and issues with right hand grip strength. AR 26. The ALJ also noted that the opinion was inconsistent with parts of the medical record that indicated Plaintiff has a normal gait, no difficulty with balance, and no more than routine monitoring of the schwannoma.

Here, the ALJ did not adequately explain why Dr. Lilagan's opinion was unsupported or inconsistent with the record. Checkbox forms are not fatal to a functional evaluation. *See Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014). More crucially, the abnormalities noted by Dr. Lilagan support Plaintiff's purported symptoms, which are pain in the right side of the neck, upper extremity, reduced range of motion in the neck, dizziness, and difficulty gripping with his right hand. Plaintiff did not report issues with his gait or balance, or claim the schwannoma needs more than routine monitoring. Those issues are irrelevant to Plaintiff's disability claim and do not support a finding that Dr. Lilagan's opinion is unsupported or inconsistent. The ALJ's evaluation of this opinion was not supported by substantial evidence.

//
//

**ORDER REVERSING DECISION OF COMMISSIONER \*8**

### ii. Dr. Morgan and Dr. Lewis

On July 11, 2019, Dr. Morgan completed a Psychological/Psychiatric Evaluation for the DSHS regarding Plaintiff's anxiety and panic attacks. He noted marked limitations in Plaintiff's ability to: (1) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; (2) adapt to changes in a routine work setting; (3) communicate and perform effectively in a work setting; (4) maintain appropriate behavior in a work setting; (5) complete a normal work day and work week without interruptions from psychologically-based symptoms; and (6) set realistic goals and plan independently.

The ALJ found the opinion evidence of Dr. Morgan unpersuasive. The ALJ reasoned, in part, that the opinion is irrelevant because it was for the purpose of assessing DSHS criteria for disability. The ALJ found that the checkbox form similarly discounted the opinion's value, and the opinion was inconsistent with other medical records that showed Plaintiff had normal mental health examinations.

On July 13, 2019, Dr. Lewis also reviewed Plaintiff's medical reports and found Plaintiff (1) is limited to sedentary work; (2) is markedly limited in the same six work activities opined on by Dr. Morgan; (3) suffers marked symptoms of panic attacks; and (4) suffers moderate symptoms from schwannoma of the cervical spine.

The ALJ concluded the opinion of Dr. Lewis was unpersuasive because it mirrored Dr. Morgan's opinion.

In this case, the ALJ erred in discounting Dr. Morgan's and Dr. Lewis' medical opinions. The ALJ claimed the opinions were irrelevant because they were part of Plaintiff's disability evaluation under state law. This assertion does not provide adequate reasoning as to how the opinions are or are not consistent or supported by the medical evidence, as required by 20 C.F.R. §§ 404.1520c(c) and 416.920c(c). And as noted above, an opinion given through a checkbox form is not dispositive to its persuasiveness. *See Garrison*, 759 F.3d at 1013. The ALJ's findings

**ORDER REVERSING DECISION OF COMMISSIONER \*9**

are not supported by substantial evidence because an improper legal standard was applied in weighing the evidence. *Brawner*, 839 F.2d at 433. As discussed further below, the longitude of the records indicate Plaintiff persistently presented with anxiety, and thus, Dr. Morgan's and Dr. Lewis' opinions were not inconsistent with the objective medical evidence.

B. <u>Plaintiff's Subjective Complaints</u>

Plaintiff argues the ALJ erred in discounting Plaintiff's subjective symptoms of his physical and mental health conditions.

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison*, 759 F.3d at 1014. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id*. (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id.* (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

i. *Physical Conditions*

The ALJ determined that the objective medical evidence did not support the level of physical limitations claimed by Plaintiff, and Plaintiff's subjective physical complaints were "not entirely consistent with the medical evidence and other evidence in the record." AR 23. The ALJ cited medical records that indicated Plaintiff presented with normal posture, gait, and balance during examinations, and his schwannoma was stable in size and did not require surgery. The ALJ considered

**ORDER REVERSING DECISION OF COMMISSIONER *10**

that Plaintiff testified to significant symptoms from his spinal tumor at the hearing, but he relayed different symptoms to his neurologist, Christopher Hofstetter, MD, during a visit on December 18, 2019. The ALJ opined that the fact Plaintiff's symptoms stemming from the schwannoma have not required surgery suggested they are not particularly debilitating. The ALJ also considered that Plaintiff performed "high functioning activities of daily living," including caring for his dog, painting, making his own meals, grocery shopping, and performing household chores. AR 25.

The ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's testimony. The ALJ's citations to Plaintiff's functioning posture, gait, and balance across certain records do not contradict Plaintiff's purported limitations. The cited medical evidence is not inconsistent with Plaintiff's claimed limitations, which pertain to use of his neck, back, and right hand. The ALJ erred by selectively focusing on aspects of the medical record that tend to suggest non-disability, but that are largely unrelated to Plaintiff's purported symptoms and disability. *See Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001).

The ALJ also erred in finding that Plaintiff's statements about his symptoms at the hearing "directly contradicted" a prior statement to his neurologist, Dr. Hofstetter. AR 25. During the December 18, 2019 visit cited by the ALJ, Plaintiff reported he had experienced "shooting pains into his right arm and hand" for the past four years, hands shaking bilaterally, and neck discomfort when looking to the right. AR 523. Plaintiff's statements to Dr. Hofstetter regarding his symptoms did not contradict his testimony at the hearing.

In addition, the fact that Plaintiff has not been referred for surgery is not a clear or convincing reason to discount his testimony. Plaintiff testified that he would pursue surgery if he was experiencing a "constant shooting pain 24/7 . . . without being let up[.]" AR 79. Plaintiff did not testify to experiencing unrelenting pain in his neck, back, and hand, but rather testified that the shooting pain and pressure

**ORDER REVERSING DECISION OF COMMISSIONER** *11

arises from certain movements. When it arises, Plaintiff testified he can rest or recline his body for approximately 20 minutes to relieve symptoms. During Plaintiff's visit with Dr. Hofstetter, Dr. Hofstetter noted that surgery may be appropriate if Plaintiff developed "neurological symptoms or if there [was] growth of the lesion." AR 552. Plaintiff's testimony did not contradict his statements regarding when recission of the tumor may be appropriate or when the medical evidence dictates it may be necessary.

The ALJ further erred in concluding Plaintiff's physical functioning was greater than described because of his activities of daily living. "[T]he mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from [his] credibility as to [his] overall disability." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001). The ALJ noted that some of Plaintiff's activities, like painting and making simple meals, indicated "greater physical functioning than described." AR 25. Yet, Plaintiff reported only being able to perform these activities in short intervals, typically 10 to 15 minutes in length, with a need to recline for up to 20 minutes at a time and throughout the day to relieve his symptoms. The daily activities described by Plaintiff do not detract from his credibility, and his claims do not demonstrate greater physical functioning than reported. Plaintiff's ability to perform some activities at his own pace with frequent opportunities to rest does not establish that he has the ability to work full-time on a consistent basis. The ALJ did not provide clear and convincing reasons to discount Plaintiff's testimony regarding his physical impairments.

### ii. Mental Health Conditions

The ALJ concluded that the objective medical evidence did not support the level of limitation claimed for Plaintiff's mental impairments. The ALJ found Plaintiff's mental function related to his anxiety remained relatively stable except for periods of increased stressors. For instance, the ALJ noted Plaintiff's symptoms

of anxiety decreased around October 22, 2019, when he reported he was "doing well," and clinical scores showed only mild depression and anxiety. AR 24. The ALJ considered that, during a visit on April 22, 2020, Plaintiff was "stable and doing well" and another visit on June 25, 2020, indicated "a normal mood and affect, normal behavior, normal psychomotor activity, normal speech, normal thought process, and normal cognitive functioning including normal attention/concentration, normal memory, and excellent fund of knowledge." AR 24.

The Ninth Circuit directs that, when discussing mental health issues, "it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment. Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison*, 759 F.3d at 1017; *see also Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace.").

Here, the ALJ did not provide clear and convincing reasons to reject the severity of Plaintiff's claimed symptoms. First, several reasons offered by the ALJ do not contradict Plaintiff's claimed symptoms from anxiety; for example, Plaintiff did not claim his speech, memory, knowledge, or attention/concentration is affected by anxiety. Second, the ALJ cited select information that mischaracterizes the whole of the medical records. The Court cannot affirm by isolating a specific quantum of supporting evidence. *Revels*, 874 F.3d at 654. The record indicates Plaintiff has suffered from lifelong anxiety, including a number of hospitalizations for the condition. Throughout 2020 and early-2021, Plaintiff's mental status exams consistently showed a sad/depressed and anxious mood, fearful/anxious affect, poor body image, and paranoia/suspiciousness. The medical records from 2019 through

**ORDER REVERSING DECISION OF COMMISSIONER *13**

early 2021 show that Plaintiff suffered from a consistent anxious mood and affect. The mere fact that Plaintiff's symptoms "waxed and waned" during late 2019 and mid-2020 is insufficient to support a finding that he does not suffer have work limitations due to his anxiety. *See Garrison*, 759 F.3d at 1017. The ALJ did not provide clear and convincing reasons to reject Plaintiff's complaints regarding his anxiety.

The Court finds the activities performed by Plaintiff and described to his doctors, on disability forms, and at the hearing, were consistent with his claimed conditions and the objective medical evidence. The ALJ failed to articulate clear and convincing reasons for discounting Plaintiff's symptoms and credibility, and the findings were unsupported by substantial evidence, based on the record as a whole.

### C. Lay Witness Testimony

The ALJ assessed the lay witness testimony of Plaintiff's mother. The ALJ determined her statement largely mirrored Plaintiff's symptom allegations, and they were unpersuasive for "substantially the same reasons" as Plaintiff's allegations. AR 26. Plaintiff's mother similarly reported that Plaintiff's lower back pain makes being on his feet for more than 10 to 15 minutes "nearly impossible," that he is unable to sit for more than a short period of time, cannot lift more than a few pounds, and his anxiety prohibits him from being around groups of people. AR 364. She also claimed Plaintiff's anxiety causes panic attacks and sleeping issues.

An ALJ is permitted to discount a lay witness' testimony when it is substantially similar to the claimant's testimony and the ALJ has properly discounted the claimant's testimony. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). Since the ALJ relied on improper bases for dismissing Plaintiff's testimony, the ALJ erred in discounting Plaintiff's mother's testimony.

### D. Step Five Burden

Plaintiff contends the ALJ failed to meet their step five burden, which requires that the ALJ demonstrate Plaintiff can perform work that exists in significant

**ORDER REVERSING DECISION OF COMMISSIONER** *14

numbers in the national economy.

The Court finds the ALJ failed to demonstrate Plaintiff can perform work that exists in significant numbers in the national economy. The ALJ's RFC is not supported by substantial evidence, because it fails to take into consideration the medical opinion evidence and Plaintiff's and Plaintiff's mother's testimony. Specifically, the ALJ erred by not considering that Plaintiff must lie down or recline after every 10 to 15 minutes of work for approximately 20 minutes. When presented with a conservative hypothetical of these symptoms, the VE testified that there is no opportunity in competitive employment for a worker with these limitations. For these reasons, the ALJ did not meet the step five burden.

## VIII. Conclusion

The ALJ erred in failing to properly weigh and consider the medical opinion evidence and Plaintiff's and Plaintiff's mother's testimony. The RFC failed to account for Plaintiff's rest limitations which limits him to sedentary work; as such, the ALJ's RFC assessment does not account for the full extent of Plaintiff's functional limitation and cannot support the ALJ's disability determination. If the ALJ incorporated these limitations in Plaintiff's RFC, the ALJ would be required to find Plaintiff on remand. *See Harman v. Apfel*, 211 F.3d 1172, 1178–79 (9th Cir. 2000). Since it is clear from the record Plaintiff is unable to perform gainful employment and no additional proceedings are necessary, remand for an award of benefits is necessary. *See Benecke v. Barnhart*, 379 F.3d 587, 596 (9th Cir. 2004).

////
//
//
//
//
//
//

**ORDER REVERSING DECISION OF COMMISSIONER** *15

Accordingly, **IT IS HEREBY ORDERED:**

1. For docket purposes, Plaintiff's Opening Brief, ECF No. 11, is **GRANTED**.

2. For docket purposes, the Commissioner's Response Brief, ECF No. 13, is **DENIED**.

3. The decision of the Commissioner is **REVERSED** and **REMANDED** for an immediate award of benefits.

4. Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 18th day of May 2023.



Stanley A. Bastian
Chief United States District Judge